IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENDRIA STEWART and MMS TRUCKLINE LLC, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERLAND INC,<br><br>    Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiffs Kendria Stewart and MMS Truckline LLC, individually and on behalf of others similarly situated, complain against Defendant Interland, Inc. ("Interland") alleging claims under the Truth In Leasing Act ("TILA"), 49 U.S.C. § 14704(a)(2) and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*. Plaintiffs brings their claims as a putative class action.

## NATURE OF THE CASE

1. The first cause of action in this case arises under the Truth In Leasing Act ("TILA"), 49 U.S.C. § 14704(a)(2). TILA and its implementing regulations govern the terms and conditions under which owner-operator truckers lease equipment to federally authorized motor carriers that transport freight in interstate commerce. *See* 49 U.S.C. § 14102(a); 49 C.F.R. § 376.12. TILA regulations require the motor carrier's equipment lease to disclose, in writing, the amount that the motor carrier will pay the owner-operator as compensation. 49 C.F.R. § 376.12(d). The regulations also require that those leases disclose the details of any escrow withholdings and charge back items. *Id*. at § 376.12 (h), (k). Finally, the regulations require the

motor carrier to adhere to the terms of the lease. *Id.* § 376.12 (introductory paragraph).

2. Plaintiff MMS Truckline alleges that Interland violated the TILA by deducting significant chargebacks and escrow payments from owner-operators' wages without disclosing those deductions in Interland's equipment leases, by not paying interest on their escrow deductions, and by not returning their escrow in full.

3. Plaintiff Stewart also alleges that Interland violated her rights and other drivers' rights under the Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS 115/3-4 & 9 by deducting sums from drivers' wages without their written authorization at the time of the deduction and by not paying drivers all agreed-upon wages due and owing to them.

4. Plaintiff and the Class seek to recover all illegal deductions and final compensation that Interland wrongfully withheld in violation of 820 ILCS 115/5 and 115/9.

5. During the class period, Interland took illegal deductions from Plaintiff's and the Class's paychecks and withheld paychecks from Plaintiff and the Class.

**PARTIES**

6. Plaintiff Kendria Stewart resides in Aurora, Illinois. She worked for Interland as a company truck driver during the class period. Interland employed her for purposes of the IWCPA. During all times that Stewart worked for Interland, she was not an agent of Interland for the purposes of the TILA.

7. MMS Truckline is a Mississippi Limited Liability Company owned by Kendria Stewart. During all times that MMS Truckline worked for Interland, it was not an agent of Interland for purposes of the TILA.

8. Defendant Interland Inc. is an Illinois limited liability company whose registered principal place of business is in Romeoville, Illinois. Interland is a federally regulated motor

carrier engaged in providing transportation services to the shipping public. Interland is registered under MC-841455 and USDOT # 2439424.

## JURSIDICTION AND VENUE

9. The Court has subject matter jurisdiction over this action pursuant to the TILA, 49 U.S.C. § 14704 and 28 U.S.C. § 1331.

10. Venue is proper in this jurisdiction under 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(a), (b), and (c) because a substantial part of the events and omissions giving rise to this action occurred in the Northern District of Illinois.

## FACTS

11. Plaintiff MMS Truckline and other drivers worked for Interland as owner-operators for purposes of the TILA regulations. 49 C.F.R. § 376.2. They transported goods for Interland by driving trucks they leased from Interland or another company.

12. When MMS Truckline leased the truck from Interland, MMS Truckline had exclusive use and possession of the truck. The same was true of other drivers that leased trucks from Interland or other companies.

13. The Truck Lease Agreement that MMS Truckline signed is attached as Exhibit A.

14. MMS Truckline signed an Independent Contractor Agreement (hereinafter "Lease Agreement") with Interland to "lease" the truck back to Interland for the purpose of transporting goods. This was the lease required by 49 C.F.R. § 376.11(a). It is attached as Exhibit B.

15. Under the Lease Agreement, Interland, as the authorized carrier, held the federal motor carrier operating authority needed to provide services for the transport of non-exempt goods in interstate commerce. Plaintiff MMS Truckline leased its equipment to Interland for the purpose of transporting goods through interstate commerce under Interland's licenses and

3

permits.

16. Stewart worked for Interland as a driver from July 11, 2022 until July 25, 2022.

17. Interland had title to the truck that Stewart used to perform her work.

18. Interland directed Stewart on all aspects of her routes, including the time and location to pick up trailers and loads, the specific routes she took to drive to delivery locations, and the time she was required to arrive at delivery locations. Stewart did not have the opportunity to choose her own loads or routes.

19. Before Stewart began driving for Interland, the company presented her a document entitled, "Comprehensive Progressive Disciplinary Program" and required her to initial the document before driving for Interland. The document is attached as Exhibit C.

20. When she worked for Interland, Stewart drove Interland's truck on Illinois roads to pick up and deliver loads in Illinois.

21. During the week of July 18-25, 2022, Stewart drove 2,563 miles for Interland.

22. Interland made deductions from Stewart's settlement (paycheck) for the week of July 18-25, 2022 without Stewart's express written authorization. *See* Ex. D, Stewart Settlement Statement. The deductions include:

    a. $1,350 for escrow (includes "scheduled" and "advanced" deductions);

    b. $80 for mandatory drug test;

    c. $150 for orientation fee;

    d. $389.59 for travel expenses;

    e. Two deductions of $46 for occupational accident insurance;

    f. Two deductions of $2.98 for "legal plan";

    g. $26 for fuel card. *Id.*

23. Stewart did not expressly authorize these deductions in writing at the time the deductions were made.

24. The drug test and orientation fee charges were not identified as potential chargebacks in the MMS Truckline equipment lease.

25. The legal plan charges were not identified as potential chargebacks in the MMS Truckline equipment lease.

26. The travel expenses were not identified as potential chargebacks in the MMS Truckline equipment lease.

27. On information and belief, Interland maintained a policy of taking deductions from drivers' pay without obtaining the drivers' express written authorization at the time of the deductions.

28. Interland did not pay interest on MMS Truckline's escrow accounts or return the escrow to MMS Truckline when it stopped working for Interland. It also never provided any reason for not returning her escrow deposit.

29. On information and belief, Interland has a company practice of withholding escrow funds from owner operators when they terminate their contracts with Interland. It also has a company practice of not paying interest on escrow funds and making chargebacks from drivers for items not listed in their equipment lease.

30. Interland had a written policy that it would keep a driver's last paycheck if he or she did not provide two weeks' notice before quitting. This written policy was not memorialized in the drivers' equipment lease.

## CLASS ALLEGATIONS

31. Plaintiff Kendria Stewart brings her IWPCA claims as a class action alleging

violations of the IWPCA on behalf of herself and others similarly situated, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. The proposed IWPCA Class is defined as:

> All individuals or entities who worked for Interland as a truck driver from August 23, 2012 to present.

32. Plaintiff MMS Truckline brings its TILA claims as a class action alleging violations of TILA on behalf of itself and others similarly situated, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. The proposed TILA Class is defined as:

> All individuals or entities who performed work for Interland driving trucks from May 12, 2019 to present and who entered an equipment lease with Interland.

33. The Classes defined above satisfy the requirements of Rule 23(a).

34. The Classes are so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. On information and belief, Interland has contracted with hundreds of drivers since 2012 and with over one-hundred lessees since May 12, 2019.

35. Common questions of law and fact predominate over individual issues affecting only individual Class members. The common questions of law and fact include whether Interland engaged in a practice of taking deductions from drivers' wages without their express written authorization at the time of the deduction, refusing to return escrow deductions without any valid reason, not paying interest on escrow deductions, and making unauthorized chargebacks from drivers' settlements.

36. Plaintiffs will fairly and adequately protect the interests of the Classes. Stewart is a member of the IWPCA class, and MMS Truckline is a member of the TILA Class. Their claims are typical of the claims of all Class members. Plaintiffs' interest in obtaining monetary relief for Interland's violations of the Class members' rights is consistent with and not antagonistic to those

of any Class member. Plaintiffs have retained counsel competent and experienced in complex and class action litigation, including wage and hour, IWPCA, and TILA class action litigation.

37. A class action is an appropriate method for the fair and effective adjudication of this controversy because it will:

    a. Avoid the heavy burden of multiple, duplicative suits;

    b. Avoid the virtually impossible task of getting all Class members to intervene as party-plaintiffs in this action;

    c. Allow the Court, upon adjudication of Interland's liability, to determine the claims of all Class members;

    d. Allow the Court to enter appropriate final monetary relief with respect to the Class as a whole.

## COUNT I
### Truth in Leasing Act
### Brought by MMS Truckline Against Interland

38. MMS Truckline incorporates all prior allegations as if fully stated herein.

39. Interland is a motor carrier licensed with the U.S. Department of Transportation. MMS Truckline worked for Interland as an owner-operator for purposes of TILA. MMS Truckline leased a truck from Interland and had exclusive use of the truck while it leased the truck.

40. Pursuant to the TILA regulations, Interland signed an equipment lease with MMS Truckline and TILA Class members.

41. Under the TILA regulations, an authorized carrier may perform authorized transportation in leased equipment only if the written lease granting the use of the equipment meets the requirements of 49 C.F.R. § 376.12.

42. Under the regulations, the required lease provisions must be "adhered to and performed by the authorized carrier." *Id.* § 376.12 (introductory paragraph). The TILA also requires that leases disclose all "chargebacks," or deductions from compensation. *Id.* at § 376.12(h). Finally, the regulations require the carrier to pay interest on the amounts that it holds in escrow. *Id.* § 376.12(k)(5).

43. Interland never paid interest on the amounts it deducted in escrow from MMS Truckline's and the other owner-operator drivers' pay. It also never returned MMS Truckline's escrow deposit.

44. Interland withheld MMS Truckline's and other owner-operator's escrow accounts without justification when MMS Truckline terminated its Lease Agreements with Interland.

45. Interland made numerous deductions from MMS Truckline and other owner-operator's final settlement statement for expenses not outlined in their equipment leases.

46. As a result, Interland did not adhere to the terms of the Lease Agreements. Under 49 U.S.C. §14704(a)(2), Interland is liable to MMS Truckline and the TILA Class for the damages that they suffered on account of Interland's regulatory violations.

### COUNT II
### Violation of the IWPCA, 820 ILCS 115/5, 115/9
### Brought By Stewart Against Interland

47. Plaintiff Stewart incorporates all previous allegations as though fully set forth herein.

48. Interland employed Stewart for purposes of the IWPCA.

49. The IWPCA requires employers to pay employees their final compensation no later than the next regularly scheduled pay period. 820 ILCS 115/5.

50. The IWPCA prohibits employers from making deductions from wages without the

employee's express written authorization. 820 ILCS 115/9.

51. Interland made numerous deductions from Stewart's second paycheck without her express written authorization at the time of the deductions.

52. On information and belief, Interland had a company policy of making deductions from drivers' wages without drivers' express written authorization at the time of the deductions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Classes they seek to represent in this action, request the following relief:

a. That the Court determine that this action may be maintained as a class action under Rule 23(b)(3);

b. That the Court appoint Plaintiff MMS Truckline as representative of the TILA Class and the undersigned as Class Counsel;

c. That the Court appoint Plaintiff Kendria Stewart as representative of the IWPCA Class and the undersigned as Class Counsel;

d. That the Court award damages and interest to MMS Truckline for Interland's violation of the TILA.

e. That the Court declare that Interland violated Illinois law by not paying employees' final compensation and taking deductions from wages without employees' written authorization at the time of the deductions;

f. That the Court award prejudgment interest on the monies owed to Plaintiffs and the Class members in accordance with 815 ILCS 205/2;

g. That the Court award penalties in the amount of 5% of all unpaid wages for each month the wages remain delinquent, in accordance with 820 ILCS

      115/14(a);

h. That the Court award reasonable attorneys' fees and costs of this action as provided by the IWPCA and TILA; and

i. That the Court award such other relief as it deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues to which a jury trial is available.

Dated: May 25, 2023                        Respectfully submitted,

                                                /s/ Christopher J. Wilmes
                                                One of the Attorneys for the Plaintiff

Christopher J. Wilmes
Tex Pasley
HUGHES SOCOL PIERS RESNICK DYM, LTD.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100
cwilmes@hsplegal.com (primary)
ebrown@hsplegal.com